# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | |
|---|---|
| BOBBY DOE | CIVIL ACTION NO. 05-2060 |
| VS. | SECTION P |
| IMMIGRATION AND CUSTOMS ENFORCEMENT, ET AL. | JUDGE JAMES |
| | MAGISTRATE JUDGE HAYES |

## REPORT AND RECOMMENDATION

Before the court is a civil rights complaint filed *in forma pauperis* on November 28, 2005, by *pro se* plaintiff Bobby Doe (Doc. No. 1). Plaintiff is an immigration detainee in the custody of the Department of Homeland Security/Bureau of Immigration and Customs Enforcement (ICE). He is presently being detained at the Tensas Parish Detention Center (TPDC) in Waterproof, Louisiana. He complains about an incident that occurred in May, 2005 and names the ICE, ICE Field Director John Mata, TPDC's corporate owner, Emerald Correctional Service, and TPDC Warden Dale Dauzat as defendants. He seeks compensatory and punitive damages in an unspecified amount.

For the reasons stated below, it is recommended that his complaint be **DISMISSED AS FRIVOLOUS**.

## STATEMENT OF THE CASE

1. The Complaint

Defendant John Mata, ICE Field Director, contracted with Emerald Correctional Services, the owner and operator of TPDC, to detain immigration detainees in removal proceedings at the TPDC. On May 20, 2005, four such detainees "...conspired, committed and inflicted serious

bodily harm/injury to..." plaintiff Bobby Doe. These detainees attacked plaintiff while he was watching television and struck him on the head with a sock containing locks and with their fists and cut his hand with razor blades. As a result of this attack the four detainees were placed in isolation for a period of ten days. [Doc. 1-1]

2. Exhibits

Plaintiff was also charged with a disciplinary infraction as a result of the incident. On May 24, 2005 plaintiff went before the disciplinary board. [Doc. 1-7, pp. 3-7] Plaintiff pled guilty to some disciplinary infraction (fighting).

On May 24, 2005 plaintiff submitted an inmate grievance form concerning the May 20 incident. Therein plaintiff recounted the events of May 20 and stated, "I lost up to a pint of blood. I sustained about 20 stitches to my head and forehead. It is my intention that the management needs to contact the appropriate authority because I will like to prosecute them." [Doc. 1-7, p. 12] On the same date, plaintiff submitted a grievance claiming that his guilty plea at the disciplinary hearing had been coerced and involuntary. He indicated his desire to appeal the conviction. [Doc. 1-8, pp. 3-5]

On May 25, 2005, plaintiff submitted a grievance form to Warden Dauzat. Plaintiff complained about the conduct of the disciplinary hearing. He claimed, "Captain Brown insisted in front of Lt. Miller and Olgundi Johnson that I should plea guilty. I stated to Captain Brown that I was not guilty as charged. Captain Brown wanted to hear what he wanted to hear so he got what he wanted to hear but the facts still remain the same: I felt threatened and intimidated." [Doc. 1-7, pp. 14-15] On the same date plaintiff submitted a grievance claiming that the TPDC management was interfering with his ability to communicate with his attorney regarding the May

2

incident. [Doc. 1-8, pp. 9-10]

On May 30, 2005, he submitted an Inmate Grievance Form which stated, among other things, "It is very important that the coerce [sic] guilty plea be dismissed and vacated so as to have a clear conscience. I did not fight. I was assaulted and battered." [Doc. 1-7, p. 2]

Some time prior to September 23, 2005, plaintiff was transferred to the South Texas Detention Complex. On that date he submitted a complaint to the authorities at that facility complaining about "the manner in which Tensas management have been treating me." He specifically complained about name calling at the institution. He also complained that no one at the TPDC seemed to "care" about the incident in May. He concluded the complaint with a request to be sent to another detention center. [Doc. 1-7, pp. 9-10]

Nevertheless, plaintiff was apparently returned to TPDC. On November 12, 2005, he submitted a grievance concerning his treatment by TPDC physician Dr. Sarah Lee. Plaintiff complained that each time he is examined by Dr. Lee, she inquires whether plaintiff intends to file a lawsuit concerning the May incident. He also complained that Lee had prescribed medication which caused negative reactions. He also requested information about the medicines prescribed and concluded by stating that he would not take any medication prescribed by Dr. Lee unless he first had an opportunity to read about the medication. [Doc. 1-7, p. 17; Doc. 1-8, pp. 1]

On October 11, 2005, plaintiff wrote a letter to the Inspector General of the DHS. Therein he complained of an incident that occurred when he was detained at the Atlanta City Detention Center, Atlanta, Georgia; he also complained about the May incident. As to the latter complaint, plaintiff also contended that a TPDC Corrections Officer ordered that plaintiff be "sprayed with tear gas" two weeks after the incident. [Doc. 1-8, p. 14] On October 18, 2005,

3

plaintiff wrote a letter of complaint to Warden Dauzat. Plaintiff complained that the TPDC medical staff ignored his continued complaints of headache following the incident. [Doc. 1-8, pp. 16-17] On October 19, 2005 plaintiff wrote a letter to Tensas Parish Sheriff Ricky Jones requesting an investigation of the May incident. [Doc. 1-8, p. 12]

3. Prayer for Relief

Plaintiff prays for compensatory and punitive damages. [Doc. 1-1, p. 4]

**LAW AND ANALYSIS**

1. Initial Review

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Under 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir.1998); see also 28 U.S.C.A. § 1915A.

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir.1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir.1997). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir.1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir.1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir.1998).

When determining whether a complaint is frivolous or states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir.1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim).

Plaintiff has submitted an articulate hand-written *pro se* complaint, to which he attached additional pages of factual information in support of his claim, including copies of his ARP grievances and medical records. Thus, it is clear that plaintiff has articulated all of the facts available in support of his claim. In short, it appears that plaintiff has pleaded his best case. Therefore, further amendment of the complaints is unnecessary.

Accepting all of plaintiff's allegations as true, and, giving plaintiff the benefit of every doubt, the undersigned concludes, for the reasons stated hereinafter, that plaintiff's claims are frivolous and that he has failed to state claims upon which relief may be granted.

## 2. Deliberate Indifference

42 U.S.C. § 1983 allows plaintiff to sue government agents for violations of his constitutional rights if those agents were acting "under color of state law." See 42 U.S.C. § 1983. A similar cause of action is available against federal agents who engage in conduct which results in the deprivation of constitutional rights. *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

Plaintiff faults the federal and state defendants for their failure to protect him from his fellow detainees on May 20, 2005.

As noted, plaintiff is an immigration detainee, not a prisoner or a convict.[1] Therefore, his

---

[1] See *Ojo v. INS*, 106 F.3d 680 (5th Cir.1997) (stating that a detained alien is not a prisoner within the meaning of criminal law); *INS v. Lopez-Mendoza*, 468 U.S. 1032, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984) (stating that deportation proceeding is a purely civil action to

failure to protect claims arise under the due process clause of the Fourteenth Amendment and not the Eighth Amendment's cruel and unusual punishment clause.[2] The standard to be applied in analyzing failure to protect cases arising under the Fourteenth Amendment's due process clause is that of "deliberate indifference." *Hare v. City of Corinth*, 74 F.3d 633, 638 (5th Cir.1996) (*en banc*), rev'd on other grounds, 135 F.3d 320 (5th Cir.1998).

Thus, plaintiff's right to protection from violence is measured by the standard of subjective deliberate indifference enunciated by the Supreme Court in *Farmer v. Brennan,* 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Under that standard, a prison official is not liable for failing to protect an inmate or detainee unless the official "knows of and disregards an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). In order to prevail plaintiff must establish that the defendant officials: (1) were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and, (2) actually drew the inference. *Farmer*, 511 U.S. at 837. Negligent inaction can never be the basis of a failure to protect claim. *Farmer*, 511 U.S. at 835; *Hare*, 74 F.3d at 642. The legal conclusion of deliberate indifference must rest on facts clearly evincing "wanton" actions on the part of defendants. *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985). In *Smith v. Wade*, 461 U.S. 30, 39 n. 8, 103 S.C. 1625, 1632 n. 8, 75 L.Ed.2d 632 (1983), the Court approved the following definition of wanton – "'Wanton means reckless –

---

determine an alien's eligibility to remain in the United States).

[2] The Eighth Amendment's prohibition against cruel and unusual punishment protects the rights of convicted prisoners; detainees, on the other hand, must look to the Fourteenth Amendment for their constitutional protections. *Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir.1996) (citing *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)).

without regard to the rights of others ... Wantonly means causelessly, without restraint, and in reckless disregard of the rights of others. Wantonness is defined as a licentious act of one man towards the person of another, without regard to his rights; it has also been defined as the conscious failure by one charged with a duty to exercise due care and diligence to prevent an injury after the discovery of the peril, or under circumstances where he is charged with a knowledge of such peril, and being conscious of the inevitable or probable results of such failure.' 30 *American and English Encyclopedia of Law* 2-4 (2d ed. 905) (footnotes omitted)."

Nothing in plaintiff's complaint suggests that the defendants were guilty of deliberate indifference. Nothing suggests that the defendants were aware of facts from which the inference could be drawn that a substantial risk of serious harm existed. Even assuming that the defendants were aware of such facts, nothing suggests that they actually drew such an inference.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b),**

**shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglass v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

      **THUS DONE AND SIGNED** in Chambers at Monroe, Louisiana, this 7th day of March, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE